POLSINELLI
Wesley D. Hurst (SBN 127564)
whurst@polsinelli.com
Michael P. Culter (SBN 270663)
mcutler@polsinelli.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: 310.556.1801
Facsimile: 310.556.1802

POLSINELLI
Jeffrey H. Kass (*pro hac vice*)
jkass@polsinelli.com
Joseph T. VanLandingham
(*pro hac vice*)
jvanlandingham@polsinelli.com
1515 Wynkoop Street, Suite 600
Denver, CO 80202
Telephone: 303.573.9300
Facsimile: 303.572.7883

Attorneys for Defendants

STONEBARGER LAW
Gene J. Stonebarger (SBN 209461)
gstonebarger@stonebargerlaw.com
Richard D. Lambert (SBN 251148)
rlambert@stonebargerlaw.com
75 Iron Point Circle, Suite 145
Folsom, CA 95630
Telephone: (916) 235-7140
Facsimile: (916) 235-7141

KEARNEY LITTLEFIELD, LLP
Thomas A. Kearney (SBN 90045)
tak@kearneylittlefield.com
Prescott W. Littlefield (SBN 259049)
pwl@kearneylittlefield.com
633 West Fifth Street, 28th Floor
Los Angeles, CA 90071
Telephone: (213) 473-1900
Facsimile: (213) 473-1919

Attorneys for Plaintiff and The Class

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEANOR BENDALL, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AUTOMOTIVE SERVICE SOLUTIONS, INC. an Illinois Corporation; MARATHON FINANCIAL INSURANCE COMPANY, INC., an Illinois Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. SACV 13-00842-DOC (Ex)<br><br>**STIPULATED PROTECTIVE ORDER** |

1
**STIPULATED PROTECTIVE ORDER**

Pursuant to F.R.C.P. 26(c), Plaintiff and Defendants (collectively the "Parties") agree as follows and respectfully move the Court to enter the same as a Protective Order:

WHEREAS, the Parties desire to exchange documents in the above captioned matter (the "Litigation");

WHEREAS, certain materials to be exchanged may constitute or contain confidential, proprietary, or commercial information, as more fully discussed below;

WHEREAS, the Parties are willing to enter into this Stipulated Protective Order regarding confidential information;

WHEREAS, the Parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to safeguard the confidentiality of certain information and documents;

WHEREAS, by entering this agreement, a Party has not waived the right to challenge the appropriateness of discovery in this matter; and

I. "Confidential Material" shall mean and include all papers, records, data, information and other materials produced, exchanged or disclosed by the Parties with a stamped designation of "Confidential," and portions of such documents that contain proprietary financial information belonging to the disclosing Party. Confidential Material must be treated as confidential by all Parties to the Litigation and used only for the prosecution and defense of claims in the Litigation and for no other purpose. In designating information as Confidential Material the Party seeking to protect the confidentiality of such information (the "Designating Party") will make such designation only as to that information that the Designating Party in good faith believes satisfy the definition set forth above.

II.     Except as otherwise ordered by a court of competent jurisdiction, all Confidential Material produced in the Litigation may be disclosed, transmitted, disseminated and used *only* by the following persons:

    A.    the Parties;

    B.    attorneys of the Parties actively working on this case;

    C.    persons regularly employed with the attorneys actively working on the case whose assistance is required by said attorneys in this action;

    D.    the Court and its employees ("Court Personnel");

    E.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    F.    expert witnesses (testifying and non-testifying) and consultants retained in connection with this action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    G.    deponents and witnesses; and

    H.    other persons by written agreement of the Parties.

III.    Prior to disclosure of any of the Confidential Material to those identified in Paragraphs II above, counsel for the Parties shall provide a copy of this Stipulated Protective Order to the person to whom the Confidential Material is to be disclosed, disseminated or divulged, and have them sign an Affidavit of Compliance in the form attached hereto as Exhibit A. Such affidavits shall be maintained by counsel and not subject to production except for an *in camera* review by the Court upon application by a Party.

IV.     Confidential Material will not be used in any document of public record, including but not limited to motions filed with the Court, unless filed as suppressed (or equivalent), or unless the parties have agreed otherwise in writing. Whenever a deposition involves the disclosure of confidential information, the deposition or portions thereof shall, at the election of counsel, be designated as

**STIPULATED PROTECTIVE ORDER**

confidential and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition. Notwithstanding the foregoing, Confidential Material may be publicly disclosed at any trial or evidentiary hearing in the Litigation.

V. If, after entry of this Stipulated Protective Order, a document is produced by a party and not labeled as Confidential Material when produced the party may not thereafter designate it as Confidential Material unless the disclosure was inadvertent and the party so designates it as Confidential Material within twenty-eight (28) days of the date of the original production of the document.

VI. Notwithstanding anything to the contrary herein, any Party may freely disclose its own Confidential Material in any manner it chooses, including to third parties. Once a Party discloses its own Confidential Material without providing for the continued confidential treatment of that information, the disclosed Confidential Material shall no longer be subject to the terms of this Stipulated Protective Order.

VII. No documents or other material shall become "Confidential Material" or be subject to this Stipulated Protective Order by virtue of a Party's designation if such document or other material already is publicly available or in the possession of a non-designating Party or other non-party. Notwithstanding the foregoing, documents previously exchanged by the Parties pursuant to their informal confidentiality agreement may be designated as confidential and be protected hereunder.

VIII. A Party may challenge a Party's designation of information or materials produced herein as Confidential by serving a written objection upon the Designating Party. The Designating Party shall notify the challenging Party in writing of the bases for the asserted designation within 7 calendar days after receiving any written objection. The Parties shall confer in good faith as to the validity of the designation within 7 calendar days after the challenging Party has

received the notice of the bases for the asserted designation. If an agreement as to the designation is still not reached, the objecting Party may make an appropriate application to the Court requesting that specifically identified documents be excluded from the provisions of this Stipulated Protective Order. The Designating Party shall have the burden to demonstrate that the designation of Confidential is proper. Until a dispute over the asserted designation is finally resolved by the Parties or the Court, all Parties and other persons shall treat the information or materials in question as designated as Confidential.

IX. Any Party may apply to the Court, on written notice and in accordance with the Rules of Civil Procedure, for an order amending, modifying, or vacating this Stipulated Protective Order or any provision of it.

X. Neither the taking of, nor the failure to take, any action to enforce the provisions of this Stipulated Protective Order, nor the failure to object or take any action, shall constitute a waiver of any right of any of the Parties to seek and obtain protection or relief of any kind.

XI. The Parties agree that any dispute, objection or matter relating in any way to or arising in connection with this Stipulated Protective Order shall be heard and decided by the Court in the Litigation pursuant to Colorado law.

XII. This Stipulated Protective Order shall continue to be binding throughout and after the conclusion of the Litigation, unless modified by the Court upon application of any Party, such modification being expressly reserved to accommodate the Parties' changing discovery needs as this case develops. Upon final termination of the Litigation, whether by judgment, settlement, or otherwise, all Confidential Material (and all copies thereof) shall be returned to the Designating Party or destroyed. Counsel may retain a copy of all Confidential Material and all briefs, pleadings, or other filings with the Court, or attorney work product which incorporates or discloses Confidential Material, which need not be

**STIPULATED PROTECTIVE ORDER**

1  destroyed, but shall remain subject to this Protective Order, unless otherwise
2  agreed to in writing by the Parties hereto.

3  DATED: January 9, 2014      Respectfully Submitted,

STONEBARGER LAW, APC

/s/ Gene J. Stonebarger
GENE J. STONEBARGER
RICHARD D. LAMBERT
75 Iron Point Circle, Suite 145
Folsom, CA 95630

DATED: January 9, 2014      KEARNEY LITTLEFIELD, LLP

/s/ Thomas A. Kearney
THOMAS A. KEARNEY
PRESCOTT W. LITTLEFIELD
633 West Fifth Street, 28th Floor
Los Angeles, CA 90071

Attorneys for Plaintiff and the Class

DATED: January 9, 2014      POLSINELLI PC

/s/ Jeffrey H. Kass
JEFFREY H. KASS (*pro hac vice*)
JOSEPH T. VANLANDINGHAM
(*pro hac vice*)
1515 Wynkoop Street, Suite 600
Denver, CO 80202

POLSINELLI

WESLEY D. HURST (SBN 127564)
MICHAEL P. CUTLER
(SBN 270663)
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Attorneys for Defendants

**IT IS SO ORDERED.**

DATED: January 9, 2014

Honorable Charles F. Eick,
Magistrate Judge

Exhibit A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEANOR BENDALL, an individual, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN AUTOMOTIVE SERVICE SOLUTIONS, INC. an Illinois Corporation; MARATHON FINANCIAL INSURANCE COMPANY, INC., an Illinois Corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No. SACV 13-00842-DOC (Ex)<br><br>**ACKNOWLEDGEMENT AND AGREEMENT OF CONFIDENTIALITY** |

　　　　I certify that I have read the Protective Order for the above-styled case. I fully understand the terms of the Order. I acknowledge that I am bound by the terms of the Order, and I agree to comply with those terms. I understand and acknowledge that failure to comply with the terms of this Order could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner, nor take any actions that would lead to the disclosure of, any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I consent to the personal jurisdiction of the United States District Court, Central District of California, for any proceeding involving the enforcement of this Order.

_____
Signature

_____
Print Name

_____
Affiliation

_____
Date